# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBYN LYNNE BROOKS,<br><br>                Plaintiff,<br>vs.<br><br>ON CALL EMPLOYEE SOLUTIONS; DELORENZO INCORPORATED; and ACCELRYS INC.,<br><br>                Defendants. | CASE NO. 07-CV-0162-H (POR)<br><br>ORDER GRANTING WITH PREJUDICE MOTION TO DISMISS |

On January 25, 2007, plaintiff Robyn Lynne Brooks ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 against defendants On Call Employee Solutions ("On Call"), Delorenzo Incorporated ("Delorenzo"), and Accelrys Inc.[1] ("Accelrys," collectively "Defendants"), alleging violations of her civil rights. (Doc. No. 1.) On July 27, 2007, On Call and Accelrys filed a motion to dismiss all of Plaintiff's claims. (Doc. No. 13.) On August 21, 2007, defendant Delorenzo filed a motion joining On Call and Accelrys' motion to dismiss. (Doc. No. 15.) Plaintiff did

---

[1] Plaintiff's complaint names On Call, Delorenzo and Accelrys in the caption (Doc. No. 1) and Plaintiff submitted a declaration of service indicating that she served those three defendants (Doc. Nos. 8-10.) Later in her complaint, however, Plaintiff states that she is suing James Mihlik, David Mersten, Mark Emjker, and Judith Ohm-Hicks, executive employees of Accelrys, in their official capacities. (Compl. at 2, 5-7.) Plaintiff's ambiguity regarding who she is suing does not affect the Court's analysis of Defendants' motion to dismiss.

not file an opposition to the motion to dismiss.

The Court exercises its discretion to decide this matter on the papers pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court **GRANTS WITH PREJUDICE** Defendants' motion to dismiss Plaintiff's three § 1983 claims.

### **Background**

On December 4, 2006, Plaintiff filed a complaint alleging two claims pursuant to 42 U.S.C. § 1983 against Defendants in Southern District of California case number 06-CV-2646. The Court dismissed Plaintiff's suit without prejudice for failure to allege state action regarding her § 1983 claims. Plaintiff then filed a complaint in the above-captioned suit rather than filing an amended complaint in the 2646 suit.

In her complaint, Plaintiff alleges that while she was employed at On Call, a temporary employee placement service, she was assigned to work at DeLorenzo in May 2005. (Compl. at 3.) She also worked at DeLorenzo in August 2005. (Id. at 4.) In October 2005, she was assigned by On Call to work at Accelrys, a pharmaceutical software and drug development company. (Id. at 5.)

Plaintiff alleges three claims pursuant to 42 U.S.C. § 1983 for violations of her right to equal employment and age discrimination. (Id. at 3-8.) Plaintiff's first and third claims allege that Defendants obtained information regarding Plaintiff's personal life. (Id.) In her third claim, she alleges that Accelrys employees discussed personal details about Plaintiff's life in front of Plaintiff, informed Plaintiff that they were monitoring her, and in some ways were controlling her private life. (Id. at 5-6.) Plaintiff alleges that Accelrys employees arranged to have her evicted from her home, altered her ability to access features on her cell phone, tapped her cell phone and her home telephone, bugged her car and home, and learned about the death of her friends before Plaintiff learned that information. (Id.) Plaintiff alleges that Accelrys employees learned of her plan to write a book about her employment experiences and broke into her home through a hole cut through the sheetrock into her attic to obtain information about the book. (Id. at 6-7.) Plaintiff also alleges that Accelrys employees

planned to assassinate her, perhaps by utilizing the mob, and that they tampered with her vehicle and sabotaged her boyfriend's sports utility vehicle. (Id. at 7.)

In her second claim, Plaintiff alleges that DeLorenzo's general manager told her that she had no choice but to receive pornographic e-mail in her work e-mail account, and that during one meeting with a male DeLorenzo employee, the employee sat at his desk with his pants unzipped. (Id. at 4.) Plaintiff also alleges that on August 10, 2005, she was asked to work all night if necessary to finish her assignment. (Id.)

## Discussion

### A. Legal Standards for Motion to Dismiss

A motion to dismiss for failure to state a claim pursuant to section 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims in the complaint. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). While a complaint does not need detailed factual allegations to survive a motion to dismiss, a plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Rather, to survive a motion to dismiss pursuant to Rule 12(b)(6), factual allegations must be sufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. See id. at 1965.

Dismissal is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation. See North Star Intern. v. Arizona Corp. Com'n, 720 F.2d 578, 583 (9th Cir. 1983). Furthermore, a court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). If a complaint is found to fail to state a claim, the court should grant leave to amend unless it determines that the

pleading could not possibly be cured by the allegation of other facts.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

As a general matter, a court may only consider the pleadings and judicially noticed facts in deciding a 12(b)(6) motion.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1990).  Material that is properly attached to the complaint may properly be considered for purposes of a motion to dismiss without converting the motion into one for summary judgment.  See id. at 1555 n.19.  Also, a court may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading.  See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).  This doctrine extends to situations in which the plaintiff's claim depends on the contents of a document and the defendant attaches the document to its motion to dismiss, even though the plaintiff does not explicitly allege the contents of that document in the complaint.  See id.

**B.     Plaintiff's § 1983 Claims**

In her complaint, Plaintiff states that she seeks damages and an injunction under 28 U.S.C. § 1983 for violations of her civil rights.  To maintain a § 1983 civil rights action, a plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Private conduct, however discriminatory or wrongful, is not proscribed by § 1983.  See Aasum v. Good Samaritan Hospital, 542 F.2d 792, 794 (9th Cir. 1976); see also Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000) ("Because § 1983 and the Fourteenth Amendment are directed at the states, the statute supports a claim only when the alleged injury is caused by 'state action' and not by a merely private actor, against whom tort remedies may be sought in state court.").  Private action will be considered to be "under color of state law" only if there is such a close nexus between the state and the challenged action such that seemingly private behavior may

be fairly treated as that of the state itself. See <u>Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n</u>, 531 U.S. 288, 295 & n.2 (2001).

All three Defendants are private entities, and Plaintiff has not alleged any facts indicating that Defendants' actions should be considered those of the state for purposes of § 1983 liability. Therefore, the Court concludes that Plaintiff has failed to allege sufficient facts to support any of her three claims pursuant to § 1983. Furthermore, the Court concludes that Plaintiff can not amend her complaint to allege § 1983 claims against these private defendants. Therefore, the Court dismisses Plaintiff's claims with prejudice.

**C.     Defendants Other Arguments**

Since the Court has already dismissed with prejudice Plaintiff's three § 1983 claims, it declines to address Defendants' arguments that Plaintiff has failed to provide sufficient service of her complaint and summons in violation of Rule 4 of the Federal Rules of Civil Procedure, or Defendants' other arguments.

### Conclusion

For the reasons discussed, the Court **GRANTS WITH PREJUDICE** Defendants' motion to dismiss Plaintiff's three § 1983 claims.

IT IS SO ORDERED.

DATED: September 4, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.